**CHIN TUNG LI, Petitioner,**

v.

**BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES,**
Respondent.

No. 04–5989–ag.

United States Court of Appeals,
Second Circuit.

June 5, 2006.

Theodore N. Cox, New York, NY, for Petitioner.

Glenn T. Suddaby, United States Attorney for the Northern District of New York, Charles E. Roberts, Assistant United States Attorney, Syracuse, NY, for Respondent.

Present: Honorable JAMES L. OAKES, Honorable AMALYA L. KEARSE and Honorable DENNIS JACOBS, Circuit Judges.

## SUMMARY ORDER

Petitioner Chin Tung Li ("Li") petitions for review of a decision of the BIA affirming the decision of Immigration Judge ("IJ") Roxanne Hladylowycz ordering his removal to China and denying his application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the facts and procedural history of the case.

The agency's determination that an applicant has not demonstrated his eligibility for asylum or withholding of removal is reviewed under the "substantial evidence" standard. *See Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003). To establish eligibility for asylum, an applicant must demonstrate that he or she has suffered past persecution, or has a well-founded fear of future persecution, on account of race, religion, nationality, membership in a particular social group, or political opinion. *See* 8 U.S.C. § 1101(a)(42).

In the present case, there was substantial evidence to support the IJ's finding with respect to the asylum claim. Assuming *arguendo* that the tuition fee charged by Li's school or the Chinese compulsory education policy amounted to persecution, Li did not allege in his application or at the hearing that officials imposed the tuition or policy on his family because of any of the five protected grounds. He stated that his school had charged his family a 3,000 RMB fee, but failed to assert that the school did not charge other families the same fee. Moreover, he recognized in his application that education is compulsory for all Chinese citizens, not just for him and his family. Although the imprisonment of his father for inability to pay the

school fee may seem cruel, there is no indication in the record that Li's father was imprisoned because, for example, he politically opposed the compulsory education policy, or because he practiced a certain religion.

With respect to the economic persecution claim, even if Li could demonstrate that the imposition of tuition costs on his father was so severe as to constitute persecution, see *Matter of Acosta*, 19 I. & N. Dec. 211, 222, 1985 WL 56042 (BIA 1985) (persecution can be established by demonstrating "economic deprivation or restrictions so severe that they constitute a threat to an individual's life or freedom"), Li still fails to demonstrate that such persecution was on account of his political opinion, social group, or any of the other protected grounds. Therefore, any claim of persecution, including economic persecution, fails.

Because Li does not challenge the IJ's finding with respect to the withholding of removal claim, any argument that it was in error is deemed abandoned. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n. 7 (2d Cir.2005). Finally, the IJ properly found that Li had not demonstrated that he would be subject to torture if he returned to China. Thus, Li failed to establish eligibility for CAT relief. *See Khouzam v. Ashcroft*, 361 F.3d 161, 168 (2d Cir.2004).

For these reasons, the petition for review is DENIED. Our review having been completed, Li's pending motion for a stay of removal is DENIED as moot. Any pending request for oral argument of this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).